# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **OMAR LOTFI,** | ) |
| **Plaintiff,** | ) CIVIL ACTION NO.: |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| **KOCH FOODS OF GADSDEN, LLC.,** | ) |
| **Defendant.** | ) |

## COMPLAINT

COMES NOW, the Plaintiff, Omar Lotfi, by and through his attorneys of record, and files this Complaint against the Defendant, Koch Foods of Gadsden, LLC., and states as follow:

## NATURE OF THE CASE

1. This is a lawsuit brought by the Plaintiff, Omar Lofti, seeking permanent relief from unlawful discrimination and retaliation committed against him by the Defendant, Koch Foods of Gadsden, LLC.

2. The practices committed by the Defendant violate Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("§ 1981").

## **JURISDICTION AND VENUE**

*3.* This Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. § 2000e, *et seq.*

4. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII.

5. Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), Charge Number 420-2020-01931. (Attached to this Complaint as Exhibit A).

6. On September 2, 2020, the EEOC issued Plaintiff a Notice of Right to Sue. (Attached to this Complaint as Exhibit B).

7. Plaintiff has timely filed this action within ninety (90) days of his receipt of the Notice of Right to Sue pursuant to Title VII.

8. The Defendant is located and/or doing business within this judicial district and division.

9. This action is brought within the judicial district wherein the unlawful employment practices were committed, making venue proper under 28 U.S.C. § 1391(b).

## PARTIES

10. Plaintiff Omar Lotfi ("Plaintiff" or "Mr. Lotfi") was more than nineteen (19) years old at the time of the events in question and is currently a resident of Etowah County in the State of Alabama.

11. Mr. Lotfi, an Egyptian male who practices Islam, began his employment with the Defendant in March 2015 and remained so employed until the termination of his employment on or about October 31, 2019.

12. Defendant Koch Foods of Gadsden, LLC ("Defendant" or "Koch") is an Alabama company with a principal place of business located at 501 Paden Road in Gadsden, Alabama.

13. At all times relevant to this action, Defendant has performed business in the State of Alabama and has maintained and operated a manufacturing plant located in the City of Gadsden in the Northern District of Alabama, where Plaintiff was employed at the time of the termination of his employment.

14. Defendant is engaged in an industry affecting commerce and has fifteen (15) or more employees and employers within the meaning of 42 U.S.C. § 2000e (b), (g) and (h).

## STATEMENT OF FACTS

15. On or about March 1, 2015, Mr. Lotfi was hired by Defendant as an Electrician for its Gadsden, Alabama location.

16. From the outset of Mr. Lotfi's employment, he was subjected to discrimination from coworkers due to his national origin and his religion.

17. Mr. Lotfi, as early as 2015, was approached by a Caucasian coworker, who lifted Mr. Lotfi's smock and commented that she "was searching for bombs."

18. Mr. Lotfi often dealt with harassment as described above while employed by Koch.

19. More recently, on or about September 11, 2019, Mr. Lotfi was approached by a Caucasian coworker, who told Mr. Lotfi that it was "his cousins" (referring to Mr. Lotfi's national origin and religion) that were responsible for the September 11, 2001 terrorist attacks.

20. In addition to his comments accusing Mr. Lotfi of somehow being connected to September 11th terrorists, the same Caucasian coworker accused Mr. Lotfi, with no basis other than his national origin and religion, of damaging a President Trump sticker that the coworker had placed on his locker.

21. Mr. Lotfi reported this behavior, along with other discriminatory acts, such as being disallowed overtime hours, to Koch's Human Resources Manager, Cindy Dubrey ("Ms. Dubrey"), who is also Caucasian.

22. Ms. Dubrey investigated the complaint by Mr. Lotfi and found it had merit.

23. Despite this, Ms. Dubrey did not follow Koch's disciplinary procedures but instead asked Mr. Lotfi what he wanted to happen to the Caucasian coworker he reported, putting Mr. Lotfi in a difficult and unnecessary position.

24. Mr. Lotfi, fearing retaliation from the Caucasian coworker he reported, told Ms. Dubrey that the Caucasian coworker could keep his job.

25. Despite Mr. Lotfi taking this course, Mr. Lotfi was further retaliated/discriminated against by management not allowing him to work overtime opportunities despite Caucasian employees being allowed to work overtime.

26. This discrimination was captured in an email by Rodney White, the Plant Manager, to Adam Helms ("Mr. Helms"), Mr. Lotfi's Superintendent, respectively.

27. After this email, Mr. Helms verbally complained about Mr. Lotfi's use of a translator on his phone to read a user manual, which he had done many times before without issue or reprimand.

28. On October 8, 2019, Shane Brandhorst ("Mr. Brandhorst"), a Caucasian, removed Mr. Lotfi's lock during a "lock out tag out" - an egregious Occupational and Safety Hazard Administration ("OSHA") violation that could have led to death or serious injury.

29. Mr. Lotfi reported this infraction to his Supervisor, Seth Brown ("Mr. Brown").

30. Despite Mr. Brandhorst's violation and Koch's policy for immediate termination due to violations of this policy, Mr. Brandhorst was not terminated or otherwise disciplined by Koch.

31. Upon learning that the person who could have caused his death (due to the safety violation) would still be working with him, Mr. Lotfi reported the violation to OSHA on or about October 10, 2019.

32. Upon Mr. Lotfi reporting the violation to OSHA, Mr. Brandhorst was terminated by Koch.

33. Upon his termination, Mr. Brandhorst began calling, texting, and harassing Mr. Lotfi, with the ongoing harassment as recent as February 2020.

34. On October 29, 2019, another group lock out tag out occurred, involving (but not limited to) Mr. Lotfi, Mr. Helms, Mr. Brown, and Matt Brown ("Mr. Brown").

35. During this lock out, a lock was missed, which was immediately corrected by Mr. Lotfi's Supervisor.

36. Despite the group missing the lock, only Mr. Lotfi was disciplined, and eventually fired, for this action.

37. Upon information and belief, Mr. Brown, a Caucasian (outside of Plaintiff's protected class), was awarded Mr. Lotfi's role after Mr. Lotfi's termination.

38. Mr. Brown was awarded this position despite being involved in the group lock out tag out that resulted in Mr. Lotfi's termination.

39. Mr. Lotfi has been discriminated against by Defendant and treated differently than similarly-situated employees (including the termination of his employment) solely because of his race in violation of Title VII and § 1981.

40. Defendant and its agents targeted Mr. Lotfi on account of his national origin (Egyptian) and religion (Islam) in a deliberate effort to discriminate against him due to his protected class, and no other reason.

41. Defendant and its agents further allowed a hostile work environment, discrimination, and retaliation against Mr. Lotfi on account of his national origin (Egyptian) and religion (Islam) to persist in the workplace.

## COUNT ONE
### (DISCRIMINATION BASED UPON RACE, COLOR, NATIONAL ORIGIN, AND/OR RELIGION IN VIOLATION OF TITLE VII)

42. Plaintiff re-alleges and incorporates the preceding paragraphs and subsequent factual averments of this Complaint as if fully set forth herein.

43. As detailed in the previous factual averments, Plaintiff, an Egyptian male practicing Islam, has been discriminated against and treated differently than similarly situated employees because of his race, color, national origin and/or religion in violation of Title VII.

44. The treatment by Defendant affected the terms, conditions, and enjoyment of Plaintiff's employment and his right to be free of discrimination based upon his race, color, national origin, and/or religion.

45. The actions and/or omissions of Defendant, as described above, were done with malice and/or reckless indifference to the federally protected rights of the Plaintiff.

46. The reckless and willful discrimination on the part of the Defendant constitutes a violation of the Plaintiff's statutory rights pursuant to Title VII.

47. The Defendant's conduct proximately caused Plaintiff to suffer a loss of income and benefits, embarrassment, humiliation, loss of reputation, emotional distress, and mental anguish for which he claims damages.

48. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for back pay, front pay, compensatory damages, punitive damages, attorneys' fees, an injunction and declaratory relief is his only means of securing adequate relief.

49. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful practices unless Defendant is enjoined by the Court.

## COUNT TWO
### (DISCRIMINATION BASED UPON RACE AND NATIONAL ORIGIN IN VIOLATION OF 42 U.S.C. § 1981 and 1981 (a))

50. Plaintiff re-alleges and incorporates the preceding paragraphs and subsequent factual averments of this Complaint as if fully set forth herein.

51. As detailed in the previous factual averments, Plaintiff, an Egyptian male practicing Islam, has been discriminated against, singled out and/or treated differently than similarly situated employees because of his race and national origin in violation of 42 U.S.C. § 1981 and 1981(a), as amended by the Civil Rights Act of 1991.

52. The treatment by Defendant affected the terms, conditions, and enjoyment of Plaintiff's employment and his right to be free of discrimination based upon his race and national origin.

53. The actions and/or omissions of Defendant, as described above, were done with malice and/or reckless indifference to the federally protected rights of the Plaintiff.

54. The reckless and willful discrimination on the part of the Defendant constitutes a violation of the Plaintiff's statutory rights pursuant to § 1981.

55. The Defendant's conduct proximately caused Plaintiff to suffer a loss of income and benefits, embarrassment, humiliation, loss of reputation, emotional distress, and mental anguish for which he claims damages.

56. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for back pay, front pay, compensatory damages, punitive damages, attorneys' fees, an injunction and declaratory relief is his only means of securing adequate relief.

57. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful practices unless Defendant is enjoined by the Court.

## COUNT THREE
## (RETALIATION IN VIOLATION OF TITLE VII)

58. Plaintiff re-alleges and incorporates the preceding paragraphs and subsequent factual averments of this Complaint as if fully set forth herein.

59. As detailed in the previous factual averments, Plaintiff has been discriminated against, singled out and treated differently than similarly situated employees because of his race, color, national origin and/or religion in violation of Title VII.

60. Defendant has engaged in unlawful retaliatory practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) by removing job responsibilities, declining to allow Plaintiff overtime hours despite allowing similarly-situated workers outside of his protected class overtime hours, not giving Plaintiff a raise despite giving similarly-situated employees outside of Plaintiff's protected class a raise, harassing, and/or neglecting to address reported incidences of harassment,

discrimination, retaliation, and/or safety violations because Mr. Lotfi opposed discriminatory practices of the Defendant.

61. The treatment by Defendant affected the terms, conditions, and enjoyment of Plaintiff's employment and his right to be free of discrimination based upon their race, color, national origin, and/or religion.

62. The actions and/or omissions of Defendant, as described above, were done with malice and/or reckless indifference to the federally protected rights of the Plaintiff.

63. The reckless and willful discrimination on the part of the Defendant constitutes a violation of the Plaintiff's statutory rights pursuant to Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

64. The Defendant's conduct proximately caused Plaintiff to suffer a loss of income and benefits, embarrassment, humiliation, loss of reputation, emotional distress, and mental anguish for which he claims damages.

65. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for back pay, front pay, compensatory damages, punitive damages, attorneys' fees, an injunction and declaratory relief is his only means of securing adequate relief.

66. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful practices unless Defendant is enjoined by the Court.

## COUNT FOUR
### (RETALIATION IN VIOLATION OF SECTION 1981)

67. Plaintiff re-alleges and incorporates the preceding paragraphs and subsequent factual averments of this Complaint as if fully set forth herein.

68. As detailed in the previous factual averments, Plaintiff has been discriminated against, singled out and treated differently than similarly situated employees because of his race and national origin in violation of 42 U.S.C. § 1981 and 1981(a), as amended by the Civil Rights Act of 1991.

69. Defendant has engaged in unlawful retaliatory practices in violation of Section 1981 by removing job responsibilities, declining to allow Plaintiff overtime hours despite allowing similarly-situated workers outside of his protected class overtime hours, not giving Plaintiff a raise despite giving similarly-situated employees outside of Plaintiff's protected class a raise, harassing, and/or neglecting to address reported incidences of harassment, discrimination, retaliation, and/or safety violations because Mr. Lotfi opposed discriminatory practices of the Defendant.

70. The treatment by Defendant affected the terms, conditions, and enjoyment of Plaintiff's employment and his right to be free of discrimination based upon their race, color, national origin, and/or religion.

71. The actions and/or omissions of Defendant, as described above, were done with malice and/or reckless indifference to the federally protected rights of the Plaintiff.

72. The reckless and willful discrimination on the part of the Defendant constitutes a violation of the Plaintiff's statutory rights pursuant to 42 U.S.C. § 1981 and 1981(a).

73. The Defendant's conduct proximately caused Plaintiff to suffer a loss of income and benefits, embarrassment, humiliation, loss of reputation, emotional distress, and mental anguish for which he claims damages.

74. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for back pay, front pay, compensatory damages, punitive damages, attorneys' fees, an injunction and declaratory relief is his only means of securing adequate relief.

75. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful practices unless Defendant is enjoined by the Court.

## PRAYER FOR RELIEF

**WHEREFORE**, the foregoing averments considered, Plaintiff demands judgment against the Defendant as follows:

(A)  Declaratory judgment that Defendant's employment practices, policies, procedures, conditions and customs are violative of the rights of the Plaintiff as secured by Title VII and § 1981.

(B)  Grant the Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, and those acting in concert with the Defendant and at the Defendant's request from continuing to violate Title VII and § 1981;

(C)  Order Defendant, their agents, owners, and employees to institute and carry out policies, practices and programs which provide equal employment opportunities which eradicate the effects of its past and present unlawful employment practices, including implementing a consistent policy against discrimination and retaliation in the workplace.

(D)  Order Defendant to make Plaintiff whole by providing appropriate front pay, back pay and other monetary relief as may be available to him, including damages for his mental and emotional distress, embarrassment, humiliation and trauma.

(E)  Award Plaintiff his compensatory and punitive damages under the laws of the Constitution of the United States.

(F)  Award Plaintiff his costs and expenses in prosecuting this action, including an award of reasonable attorneys' fees.

(G)     Award such other relief that this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by struck jury of all issues in this Complaint.

Respectfully Submitted,

*/s/ Dustin J. Kittle*
Dustin J. Kittle (ASB-8250-T68K)
Ashley M. Posey (ASB-4176-I61D)
*Attorneys for Plaintiff*

**OF COUNSEL:**
**HUMBLE LAW, LLC**
3112 Blue Lake Drive, Suite 100
Birmingham, Alabama 35243
Tel: (205) 358-3100
Fax: (205) 358-3033

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL:**
**Koch Foods of Gadsden, LLC.**
**c/o CT Corporation System**
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104